UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| UNITED STATES on behalf of and for the use and benefit of GOLD MECHANICAL INC.<br><br>Plaintiff,<br><br>v.<br><br>TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, a Connecticut Corporation, BERKSHIRE HATHAWAY SPECIALTY INSURANCE COMPANY, a Nebraska Corporation, and GILBANE FEDERAL COMPANY, a California Corporation.<br><br>Defendants. | Case No.:  1:24-cv-5<br><br>COMPLAINT |

Plaintiff United States on behalf of and for the use and benefit of Gold Mechanical Inc. ("GMI"), complaining of Defendants Travelers Casualty and Surety Company of America ("Travelers"), Berkshire Hathaway Specialty Insurance Company ("Berkshire"), and Gilbane Federal Company ("Gilbane"), alleges and says as follows:

### THE PARTIES

1. GMI is a Georgia corporation with a principal place of business at 1559 Broad Street, Augusta, Georgia 30904.

2. Upon information and belief, Travelers is a Connecticut corporation with a principal place of business at One Tower Square, Hartford, Connecticut, and has been authorized by the State of Georgia to issue Payment and Performance Bonds within the State of Georgia in connection with public construction projects.

3. Upon information and belief, Berkshire is a Nebraska corporation with a principal place of business at 100 Federal Street, Boston, MA 02110, and has been authorized by the State of Georgia to issue Payment and Performance Bonds within the State of Georgia in connection with public construction projects.

4. Upon information and belief, Gilbane is a California corporation with a principal place of business 1220 Concord Ave., Suite 200, Concord, California 94520.

## JURISDICTION AND VENUE

5. The Court has jurisdiction pursuant to the Miller Act, 40 U.S.C. § 3131, *et seq.*, since this is the district in which the contract was performed and in which the project was located.

6. Venue is proper in this District pursuant to 40 U.S.C. § 3133 since the work performed by GMI for which it seeks to recover under the Miller Act was performed on a federal government construction project located on Fort Gordon, which is located in the Southern District of Georgia.

7. Venue is also proper under 28 U.S.C. § 1391(b) since a substantial part of the events or omissions giving rise to the claim occurred in the Southern District of Georgia.

8. All conditions precedent to filing this action have been performed or have occurred, including, but not limited to, that the filing of this action is prior to the expiration of any applicable deadlines, statutes of limitations, and/or statutes of repose.

## FACTUAL BACKGROUND

9. Gilbane and the United States Army Corps of Engineers ("USACE") entered into a written construction contract (the "Prime Contract") for a project known as the Repair Allen Hall, Building 29813, Fort Gordon, Georgia (the "Project"), identified as Contract No. W912NHC-18-C-3009.

10. On or about January 4, 2019, Gilbane entered into a written subcontract with GMI (the "Subcontract") in the amount of $4,101,537.00 for select HVAC and Plumbing work for the Project (the "Work"). **Exhibit 1** to this Complaint contains a true and correct copy of the Subcontract.

11. GMI started work upon issuance of a notice to proceed but and continued working on the Project until January 15, 2023.

12. GMI performed, installed, and completed its Work under the Subcontract on the Project, including supplying labor, materials, and equipment pursuant to the Subcontract, change orders to the Subcontract, and various items of additional Work requested, directed, and authorized by Gilbane.

13. All of GMI's Work on the Project was approved and accepted by Gilbane and USACE.

14. Due to causes unrelated to GMI, the Project was not completed by the originally anticipated end date and GMI incurred additional costs and damages resulting from delayed completion of other work, interferences, impacts from out of sequence work, and plan changes.

15. Gilbane also directed GMI to perform changed work for which GMI submitted pricing to Gilbane, but Gilbane did not issue change orders to GMI or make payment to GMI for this additional work.

16. On or about August 8, 2023, GMI submitted a Request for Equitable Adjustment to Gilbane, in which GMI sought a $1,391,119.54 increase to the Contract Price and an 851 day increase to the Contract Time ("REA").

17. In addition to the REA, the unpaid balance under the Subcontract is $91,441.50.

18. Gilbane has failed and refused, without defenses or justification, to pay the

amount due and owing GMI, which is in excess of $1,400,000.00.

19. In bringing this action, GMI does not waive its rights to pursue arbitration against Gilbane for breaches of the Subcontract. In part, GMI brings this action in an abundance of caution in order to preserve its right to collect monies owed to GMI under the Payment Bond. GMI does not intend to contest a potential motion to stay this action in the event that the parties arbitrate the claims that give rise to the following Counts.

20. With respect to the REA and the unpaid balance under the Subcontract, Gilbane has failed and refused, without defenses or justification, to pay the amount due and owing GMI, which is in excess of $1,400,000.00.

## COUNT I
### (Breach of Contract Against Gilbane)

21. The allegations of Paragraphs 1 through 20 are re-alleged and incorporated herein by reference.

22. GMI had a valid and binding subcontract agreement with Gilbane.

23. GMI properly performed its Work, and supplied labor, materials, and equipment to the Project pursuant to the Subcontract.

24. GMI properly invoiced Gilbane for labor, materials, and equipment it supplied to the Project pursuant to the Subcontract. Additionally, Gilbane requested and directed GMI to perform additional and/or changed work which GMI did perform and for which it has invoiced Gilbane.

25. Despite repeated demands from GMI, Gilbane has failed and refused, without defense or justification, to pay all amounts due and owing to GMI under the Subcontract, including additional, changed, and altered work.

26. In total, Gilbane has failed to pay invoices due and owing, and has failed to adjust

the Contract Price, yielding an amount owed in excess of $1,400.000.00.

27. Gilbane has breached the Subcontract with GMI by, among other things, failing to pay all amounts due and owing to GMI; by failing and refusing to properly schedule, sequence, and coordinate the Subcontract work with the work of other trades on the Project; and also by failing and refusing to assist GMI to recover its additional costs expenses, and damages caused by others, including Gilbane, its other subcontractors and/or USACE.

28. All conditions precedent to GMI's entitlement to recover for Gilbane's breaches of the Subcontract have occurred or have been waived or excused.

29. Therefore, GMI is entitled to Judgment against Gilbane in an amount in excess of $1,400,000.00, the precise amount to be proven at trial, together with pre-judgment and post-judgment interest at the legal rate and costs as allowed by law.

30. GMI is also entitled to recover from Gilbane the cost of this action, including its reasonable attorney's fees, to the extent allowed by law.

## COUNT II
**(In the Alternative to Count I, *Quantum Meruit* Against Gilbane)**

31. The allegations in the Paragraphs 1 through 20 are re-alleged and incorporated herein by reference.

32. Gilbane requested and included GMI to perform work and supply labor, materials, and equipment to the Project, and promised GMI that it would pay for such work, labor, materials, and equipment.

33. GMI provided labor, materials, and equipment to Gilbane for improvement of the Project.

34. GMI reasonably expected to be paid for the labor, materials, and equipment it provided for improvement of the Project at Gilbane's request.

35. Gilbane and the USACE voluntarily received and accepted the labor, materials, and equipment that GMI supplied to the Project as alleged herein, the unpaid amount of which is in excess of $1,400,000.00.

36. Gilbane knew that GMI expected to be paid for its services, labor, materials, and equipment provided, including for the items of work representing the unpaid amount owing.

37. As a result of Gilbane's failure to fulfill its promise to GMI, GMI has suffered damages of at least $1,400,000.00.

38. Allowing Gilbane to keep the benefit of the services, labor, material, and equipment provided by GMI without payment would result in and in unjust enrichment of Gilbane.

39. All conditions precedent to GMI's entitlement to recovery have been met, have occurred, or have been waived or excused.

40. Therefore, GMI is entitled to Judgment against Gilbane in an amount in excess of $1,400,000.00, the precise amount to be proven at trial, together with pre-judgment and post-judgment interest at the legal rate and costs as allowed by law.

41. GMI is also entitled to receive from Gilbane the cost of this action, including its reasonable attorney's fees, to the extent allowed by law.

## COUNT III
**(Claim against Defendants on the Payment Bond)**

42. The allegations of Paragraphs 1 through 20 are re-alleged and incorporated herein by reference.

43. Gilbane as principal, and Travelers and Berkshire, as co-sureties (collectively, "Sureties"), executed a Payment Bond for the Project (the "Payment Bond"). **Exhibit 2** to the Complaint contains a true and correct copy of the Payment Bond.

44. Upon information and belief, pursuant to the terms of the Payment Bond, Sureties agreed, along with heirs, executors, administrators, and successors, including, but not limited to, Gilbane, to promptly make payment to all persons having a direct relationship with Gilbane or a subcontractor of Gilbane for furnishing labor, materials, or both, in prosecution of the work provided for in the Prime Contract.

45. Gilbane as principal, and Sureties, as surety, bound themselves, jointly and severally, to ensure the payment of the claims or persons such as GMI furnishing the labor and materials in construction of the Project, pursuant to the Payment Bond.

46. GMI is a subcontractor which has supplied labor, equipment, and materials to the Project at the direction of, and pursuant to an agreement with, Gilbane and has not been paid for the work it performed of for sums due by Gilbane under the parties' Subcontract.

47. Gilbane and USACE benefitted from and used the labor, equipment, and services of GMI in constructing the Project.

48. As of the date of the filing of this Complaint, Defendants are jointly and severally liable to GMI in an amount in excess of $1,400,000.00, plus interest as allowed by law, including interest owed by Gilbane to GMI pursuant to the Payment Bond.

49. All conditions precedent to GMI's entitlement to recovery have been met, have occurred, or have been waived or excused.

50. GMI is a direct, intended beneficiary, and a proper claimant under the Payment Bond, and has perfected its rights and entitlement to payment under the Payment Bond.

51. GMI has provided Gilbane with ample notice and opportunity to pay all amount due, yet Gilbane has failed and refused to do so.

52.     Accordingly, Gilbane has unreasonably refused to fully resolve GMI's Payment Bond Claim and therefore breached the terms of the Payment Bond and the obligations under the Miller Act by failing to pay GMI all amounts due for supplying labor, materials and equipment to the Project.

53.     As a result of such nonpayment and breaches by Defendants, GMI has been damaged in an amount in excess of $1,400,000.00.

54.     GMI is therefore entitled to recover from Defendants, jointly and severally, under the Payment Bond and 40 U.S.C. §3133 in an amount in excess of $1,400,000.00, the precise amount to be proven at trial, plus interest on the amount due under the Payment Bond at the legal rate from the date the amount was due until the date the amount is paid, plus the cost of this action and attorney's fees as permitted by law.

## **PRAYER FOR RELIEF**

55.     That under Count I, GMI have and recover of Gilbane an amount in excess of $1,400,000.00, the precise amount to be proven at trial, together with pre-judgment and post-judgment interest at the legal rate and costs as allowed by law, including reasonable attorney's fees;

56.     In the alternative, that under Count II, GMI have and recover of Gilbane an amount in excess of $1,400,000.00, or such other amount as the evidence may show GMI to be entitled in *quantum meruit*, plus interest as allowed by law;

57.     That under Count III, GMI have and recover judgment against Defendants, jointly and severally, in an amount in excess of $1,400,000.00, the precise amount to be proven at trial, together with pre-judgment and post-judgment interest at the legal rate and costs as allowed by law, including reasonable attorney's fees;

58.   That GMI be awarded post-judgment interest at the rate allowed by law;

59.   That costs of this action be taxed to the Defendants, jointly and severally;

60.   For such other and further relief as this Court may deem just and proper.

Respectfully submitted this 12th day of January, 2024.

        SMITH, CURRIE & HANCOCK LLP

        s/ Sean P. Farrell
        Sean P. Farrell
        Georgia Bar No. 183742
        G. Scott Walters
        Georgia Bar No. 735610 (*S.D.Ga. application pending*)
        2700 Marquis One Tower
        245 Peachtree Center Avenue, NE
        Atlanta, GA  30303
        Phone: (404) 521-3800
        Fax: (404) 688-0671
        Email: spfarrell@smithcurrie.com
               gswalters@smithcurrie.com

*Attorneys for the Plaintiff*